Oscar Stilley, Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 POPULAR NAME AN AMENDMENT TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF CITIZEN INITIATIVES FROM THE BALLOT FOR ANY REASON EXCEPT FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE REQUIRED TIME FRAME, TO GUARANTEE A THIRTY DAY CURE PERIOD WHERE PETITION SIGNATURES ARE JUDICIALLY REJECTED, AND TO GUARANTEE ACCESS TO POLLING PLACES FOR PURPOSES OF POLITICAL ADVOCACY
 BALLOT TITLE AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF INITIATED CONSTITUTIONAL AMENDMENTS, OR INITIATED LAWS OR ORDINANCES, FOR ANY REASON EXCEPT FOR THE FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE LEGALLY SPECIFIED TIME PERIOD; PROVIDING THAT THE JUDICIARY MAY REFORM MANIFESTLY ERRONEOUS POPULAR NAME AND BALLOT TITLE LANGUAGE IF SUCH REFORMATION CAN BE EFFECTUATED IN TIME SO AS NOT TO DELAY THE VOTE ON THE ISSUE; PROVIDING THAT THIS AMENDMENT SHALL NOT PREVENT CONSTITUTIONAL CHALLENGES, OR CLAIMS OF VIOLATION OF SUPERIOR LAW BY THE INITIATED AMENDMENT, ACT, OR ORDINANCE, SUBSEQUENT TO THE PASSAGE OF THE AMENDMENT, LAW, OR ORDINANCE BY THE QUALIFIED ELECTORS; PROVIDING THAT IN THE FUTURE, ONLY THE POPULAR NAME AND PROPOSITION OR AMENDMENT NUMBER SHALL APPEAR ON THE OFFICIAL BALLOTS, WHERE CITIZEN INITIATIVES ARE PRESENTED; PROVIDING THAT ANY REQUIRED BALLOT TITLE AND/OR ABSTRACT, AND NUMBER WHEN ASSIGNED, SHALL BE PUBLISHED TO THE VOTERS ON THE SECRETARY OF STATE'S OFFICIAL WEBSITE, WHEN AND AS AVAILABLE, IN NEWSPAPERS, AT PUBLIC EXPENSE, AS IS NOW OR IN THE FUTURE MAY BE PROVIDED BY LAW, AND BY A SEPARATE PUBLICATION, MADE AVAILABLE TO THE VOTERS WITHOUT CHARGE NOT LESS THAN ONE WEEK PRIOR TO THE ELECTION, SETTING FORTH THE NUMBER, POPULAR NAME, BALLOT TITLE AND/OR ABSTRACT, THE FULL TEXT OF THE PROPOSAL(S), AND ANY OTHER INFORMATION USEFUL TO THE VOTERS IN THE ELECTION TO BE HELD, INCLUDING PAID ADVERTISEMENTS TO THE EXTENT AUTHORIZED BY THE GENERAL ASSEMBLY; PROVIDING THAT THE SUPREME COURT MAY STRIKE INVALID SIGNATURES PREVIOUSLY APPROVED BY THE SECRETARY OF STATE, BUT MUST UPON SUCH A FINDING GRANT THE PETITION SPONSORS 30 DAYS CURE PERIOD, FROM THE DATE OF ANY ORDER MAKING SUCH A FINDING, TO PRESENT ADDITIONAL SIGNATURES; PROVIDING THAT SIGNATURE CHALLENGES NOT BROUGHT IN SUFFICIENT TIME TO ALLOW THIS CURE PERIOD, AFTER DECISIONS BUT BEFORE THE ELECTION, SHALL BE SUMMARILY DISMISSED AS UNTIMELY; PROVIDING THAT NO PETITION SIGNATURE SHALL BE DEEMED INVALID BECAUSE OTHER SIGNATURES UPON THE PART ARE FROM VOTERS REGISTERED IN OTHER COUNTIES OF THE STATE, OR BECAUSE THE SIGNER REGISTERED TO VOTE ON OR AFTER THE DATE OF SIGNING THE PETITION, BUT BEFORE THE COUNTING OF THE PETITION SIGNATURES BY THE SECRETARY OF STATE; PROVIDING THAT THE SPONSORS OF A PETITION MAY INTERVENE IN SUITS CHALLENGING THE PETITION, WITHOUT THE POSTING OF ANY BOND, OR SUBSEQUENT PAYMENT OF ANY COSTS EXCEPT IN CASE OF SUBSTANTIAL AND WILLFUL FRAUD ON THE PART OF THE SPONSORS OF THE PROPOSAL; GUARANTEEING THE RIGHT TO PEACEFULLY SOLICIT SIGNATURES OR ADVOCATE FOR OR AGAINST ISSUES OR CANDIDATES, ON ELECTION DAY NEAR POLLING PLACES; PROVIDING THAT THE STATE MAY MAKE AND ENFORCE A REASONABLE DISTANCE LIMITATION ON POLITICAL ACTIVITIES NEAR POLLING PLACES, NOT TO EXCEED THE LESSER OF 50 FEET FROM THE DOOR OF THE ROOM IN WHICH THE POLLING BOOTHS ARE LOCATED, OR HALF THE DISTANCE TO THE NEAREST PARKING LOT, MEASURED FROM THE DOOR USED BY THE VOTERS TO ENTER THE ROOM WITH THE POLLING BOOTHS; PROVIDING THAT NOTHING IN THIS AMENDMENT SHALL BE CONSTRUED TO PREVENT THE LEGISLATURE FROM PROHIBITING AND PUNISHING DISORDERLY CONDUCT, FRAUD, HARASSMENT OF VOTERS WHO EXPRESS A WISH TO BE LEFT ALONE, OR OTHER VIOLATIONS OF THE RIGHTS OF THE ELECTORS; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE CITIZEN ACTIVIST, FOR SEVERABILITY AND GENERAL REPEALER OF CONFLICTING LAWS; PROVIDING THAT THE AMENDMENT SHALL BE SELF EXECUTING AND EFFECTIVE IMMEDIATELY; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
The following ambiguities must be addressed and clarified in your measure and ballot title:
 1) An initial question arises under Section 2(a) of your proposed amendment, which involves the placement of information on ballots and the publication requirements for initiative and referendum measures. An ambiguity exists, in my judgment, as to what extent these requirements, particularly the publication requirements, apply to local, as opposed to statewide measures.
 2) In addition, Section 2(a) of your proposed amendment states that "[a]ny required ballot title and/or abstract, popular name, and number, if and when assigned shall be published. . . ." An ambiguity arises, in my view, from the use of the words "any required ballot title, [etc.]" Your proposed amendment is self-executing. What entity is empowered to impose such a requirement? Do the General Assembly and/or local governments retain the authority to impose such requirements?
 3) Section 2(b) of your proposed amendment gives the Arkansas Supreme Court the power to "exercise the equity of reformation in the case of manifestly erroneous language in any popular name, abstract, or ballot title language . . . only if such reformation can be effectuated in time for the conduct of the election. . . ." An ambiguity exists, in my judgment, as to when this power may be exercised by the Supreme Court. The ambiguity does not involve the timeliness of the court's decision in relation to the election, which is left, by your proposed amendment, to practical application. The ambiguity I see, rather, is in how early the Supreme Court may exercise the power of reformation. Does this provision give the Supreme Court the power of "reformation," and thus litigants a right of review, prior to the collection and certification of signatures by the Secretary of State? This would be a marked change in existing law (Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990)), and as such, if this is the effect of your measure, it must be clearly expressed in the ballot title.
 4) In addition, Section 2(b) gives the Supreme Court the power of reformation over "any popular name, abstract, or ballot title language to be presented to the voters." A question arises as to whether this language gives the Supreme Court any original jurisdiction over local
initiatives and whether it attempts to change the allocation of jurisdiction currently detailed in Amendment 7.
 5) Section 3 of your proposed amendment authorizes the Supreme Court to strike signatures previously approved by the Secretary of State only upon proof of forgery, and states that if this occurs, the sponsors of the measure must be granted "30 days cure period" from the date of the order to present additional signatures. The provisions then states that "[s]ignature challenges not brought in sufficient time to allow this cure period, after decision but before election, shall be summarily dismissed as untimely." An ambiguity exists, in my opinion, as to when such signature challenges must be filed. They must be filed in time to allow a thirty-day" cure period." Obviously, such challenges must be filed at least thirty days prior to the election. The provision does not indicate or factor in, however, how long the Supreme Court is afforded to reach its decision. How far in advance of the thirty-day limit must such an action be filed? This important fact must be summarized in a ballot title for your measure.
 6) Section 4 of your proposed amendment authorizes the General Assembly to enforce reasonable distance limitations from polling places for persons soliciting signatures or engaging in political advocacy. The provision states that the limitation, however, "shall not exceed the lesser of 50 feet or half the distance to the nearest parking lot, measured from the door used by voters to enter the room containing the polling booths." In my opinion, this portion of the text of your proposed amendment, even if summarized verbatim in a ballot title for your measure, might be viewed as misleading by the Arkansas Supreme Court. In some cases, the parking lots of polling places abut the door used by voters to enter the room containing the polling booths. Your amendment, might, in such cases, authorize advocates and signature solicitors to stand at the doorway. In other cases, voters must walk inside the polling place several yards before actually entering the room where the voting booths are housed. In such cases, your amendment might authorize signature solicitors and advocates to position themselves inside the polling place, although not in the room where the polling booths are located. This would amount to a marked change in current law. See Acts 1999, No. 1525. In my judgment this fact must be reflected in the ballot title, and the language used in your text is misleading on this point.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguity.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
Enclosure